**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In Re: | ) | |
|     Harry A. Schumann, | ) | Case No.: 02-80503-SSM |
|         Debtor | ) | Chapter 7 |
| | ) | |

## DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS

COMES NOW the Debtor, Harry A. Schumann, by counsel, and files as his Response to the Chapter 7 Trustee's, Donald F. King's, Objection to Exemptions the following:

1. Debtor on his Schedule B, *inter alia*, valued his interests in certain medical groups, specifically the Mitchell-Trotman Medical Group PC, United Health Care and Fairfax Internal Medicine Associates PC (the "Medical Groups") at $10.00 per entity.

2. Debtor then exempted his interest in the Medical Groups on his Schedule C.

3. Debtor's valuation of the Medical Groups is a good faith estimate of the value of his entire interest therein.

4. The Medical Groups have little to no value, as they are all closely held entities of with significant restrictions on ownership and transferability.

5. The Medical Groups have made no distributions to their owners in the last year.

6. Since the filing of the Trustee's objection, Debtor has provided him with the documents relevant to the Medical Groups.

    Linda D. Regenhardt, VSB # 27455
  *lregenhardt@garygoodmanlaw.com*
  GARY & GOODMAN PLLC
  8500 Leesburg Pike, Suite 7000
  Vienna, Virginia 22182-2409
  703.848.2828 | 703.893.9276 (fax)
  Counsel for Debtor

7. The Trustee also objects to Debtor's exemptions with respect to certain retirement accounts (the "Retirement Accounts") under the Code of Virginia § 34-34.

8. Since the filing of the Objection, the Trustee has been provided with the pertinent account documentation for the Retirement Accounts.

9. The Retirement Accounts are ERISA-qualified and otherwise exempt under 11 U.S.C. § 522.

10. To the extent that any Retirement Account is not ERISA-qualified, it falls within exemptions provided under Virginia Code § 34-34(C).

11. Debtor's claimed exemptions in the Retirement Accounts are not precluded by Virginia Code § 34-34(H).

WHEREFORE the Debtor, Harry A. Schumann, by counsel, respectfully requests that this Honorable Court overrule the Trustee's objections to his claimed exemptions in the Medical Groups and Retirement Accounts, and grant such further and additional relief as this Court deems just and proper.

Respectfully Submitted,

HARRY A. SCHUMANN,
By Counsel

GARY & GOODMAN PLLC
8500 Leesburg Pike, Suite 7000
Vienna, Virginia 22182-2409
703.848.2828 | 703.893.9276 (fax)

By: /s/ Linda D. Regenhardt
Linda D. Regenhardt, VSB # 27455
*lregenhardt@garygoodmanlaw.com*

# CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2002 a copy of the foregoing Debtor's Response to Trustee's Objection to Debtor's Claimed Exemptions was served by email or by first-class U.S. Mail, postage prepaid, upon the following:

    U.S. Trustee in Bankruptcy, Region 4
    155 South Union Street, Room 210
    Alexandria, Virginia 22314

    Donald F. King, Trustee
    Odin, Feldman & Pittleman PC
    9302 Lee Highway Suite 1100

    /s/ Linda D. Regenhardt
    Linda D. Regenhardt